UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| TIMOTHY E. HOPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:26-CV-177 |
| | ) | |
| WALTER C. VANCE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff filed a pro se Complaint [Doc. 2] and an accompanying Motion [Doc. 1] to proceed *in forma pauperis*. The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court.

### I. *IN FORMA PAUPERIS* APPLICATION

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to commence a civil action without paying the administrative costs applicable to the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990). To proceed *in forma pauperis*, a plaintiff must show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342, 69 S. Ct. at 90. An affidavit to proceed *in*

*forma pauperis* is sufficient if it demonstrates that the requesting party cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the Court has considered Plaintiff's Application to Proceed Without Prepayment of Fees and his economic status in deciding whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding; thus, the Application to Proceed Without Prepayment of Fees [Doc. 1] is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see also Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). At the same time, for the reasons set forth below, **the Clerk shall not issue process at this time.**

When a Plaintiff is proceeding *in forma pauperis,* applicable law directs the district court to dismiss the complaint if it is frivolous or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Neitzke*, 490 U.S. 319. This screening process requires that the Court consider the facts alleged by a plaintiff in conjunction with applicable law. The Court will now undertake that screening process as to Plaintiff's Complaint. [1]

## II. FACTUAL ALLEGATIONS

Here, Plaintiff filed a complaint against Walter C. Vance, whom Plaintiff alleges is the owner of a mobile home park located on Dugger Street, and Sandra Vance, whom Plaintiff alleges is a co-owner of the mobile home park. Plaintiff alleges that Defendants have harassed Plaintiff by "demanding things" and "threatening evictions," have stolen "things out of yard, off porch, and hub," have bullied Plaintiff "to try and get his way," have threatened Plaintiff "to tow off property

[1] While Plaintiff is not a prisoner, 28 U.S.C. § 1915 is not limited to prisoner suits despite its references to prisoners. *United States v. Floyd*, 105 F.3d 274 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M.D. Pa. 1997).

or evict," and have attempted to force Plaintiff to "take a tent off county alleyway," which Plaintiff asserts does not belong to Defendants. [Doc. 2, p. 3–4]. Plaintiff seeks "monetary compensation for items already taken" and for "mental & emotional distress," and "harassment & violation of rights," and a "cease and [desist] order to prevent further harassment."

## III. LEGAL ANALYSIS

### *a. Leniency afforded to pro se litigants*

In undertaking the present review, the Court liberally construes Plaintiff's claims because he is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke,* 490 U.S. at 325). For a complaint to survive the § 1915 screening process, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Zelesnik v. GE Healthcare*, No. 1:18-CV-2443, 2018 WL 5808749, at *1 (N.D. Ohio Nov. 6, 2018) (quoting *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)). Still, the Court will not "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). This limitation helps courts avoid "'transform[ing] . . . from their legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies. . ..'" *Profitt v. Divine Sol.*, No. 3:10-CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985)).

*b. Law governing claims alleging violation of civil rights claims*

In the instant action, Plaintiff is suing under 42 U.S.C. § 1983, which permits suit against government officials for violations of rights under the Constitution or other laws. *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). Accordingly, the Court will analyze Plaintiff's allegations in conjunction with the requirements set forth in 42 U.S.C. § 1983. That Section creates a federal cause of action where a person acting under color of law causes a plaintiff to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To successfully pursue a § 1983 action, a plaintiff must demonstrate both that he or she was deprived of rights under the Constitution or other laws and that a defendant caused the deprivation while acting under color of law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding*, 241 F.3d at 532. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

*c. Plaintiff's claims*

Plaintiff has made no allegations that either of the two named defendants are government officials, nor has he alleged that Defendants were acting under color of law. Rather, Plaintiff has sued two private individuals who appear to be his landlords, and a plaintiff may not sue private individuals under § 1983. *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999) (citing*, e.g., Christy v. Randlett,* 932 F.2d 502, 504 (6th Cir.1991) (requiring, as a precondition to a valid § 1983 claim, that plaintiff sue a person who acted under color of state law). "A person 'acts under color of state law when he abuses the position given to him by the state.'" *Waters v. City of*

*Morristown, TN,* 242 F.3d 353, 359 (6th Cir. 2001) (quoting *West v. Atkins,* 487 U.S. 42, 49–50 (1988)). Furthermore, the actions must be taken "in an official capacity or to exercise official responsibilities pursuant to state law." *Id*. If an action is taken by a state official "in the ambit of their personal pursuits," that action does not constitute state action. *Id.* (citing *Screws v. United States,* 325 U.S. 91, 111 (1945)). Because there are no allegations that Defendants exercised any power "possessed by virtue of state law" and made possible because they were "clothed with the authority of state law[,]" the Court must recommend that the claims against Defendants be dismissed. *West*, 487 U.S. at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

## IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that Plaintiff's Complaint [Doc. 2] against the named defendants be **DISMISSED without prejudice**. This Report and Recommendation is now to be presented to the district judge under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263.[2]

Respectfully submitted,

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

[2] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).